# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LARRY McCIVER, | Case No. 10cv0212 BTM (BLM) |
|---|---|
| Plaintiff, | **ORDER VACATING JUDGMENT AND WRIT OF EXECUTION** |
| v. | |
| FAROOQI FOOD MANAGEMENT, INC. dba DENNY'S; NELSON B. CORRELL JR.; FRANCES ANN KASTER, | |
| Defendants. | |

Defendant Farooqi Food Mangement, dba Denny's ("Farooqi") moves under Fed. R. Civ. P. 60(b) to reopen the case to enforce its settlement agreement with Plaintiff and, under the Court's inherent authority and 28. U.S.C. § 1927, for sanctions against Plaintiff's counsel.

What should have been the straightforward execution of a settlement agreement has devolved into a comedy of errors. Plaintiff has refused to satisfy a condition precedent to obtaining a judgment–release of claims against all defendants and related entities. Nevertheless, due to a clerical mistake, judgment was improvidently entered against Farooqi. Farooqi, in turn, did not seek to vacate this judgment and instead, joined with Plaintiff to dismiss the case in its entirety. Only after a writ of execution was used to collect on the judgment does Farooqi bring this motion to "compell[] enforcement of the settlement agreement." Farooqi has spent $6,110 in attorney's fees on these and related motions when a simple motion to vacate the judgment would have led to a resolution of this controversy.

For the reasons that follow, the Court vacates the judgment against Farooqi and the writ of execution based on this judgment. The Court directs Plaintiff to deposit $7,419.47 in the registry of the court pending further proceedings against Farooqi.

**I. BACKGROUND**

Plaintiff brought a civil rights action under the Americans with Disabilities Act against Defendants Farooqi, Nelson B. Correll, Jr., and Frances Ann Kaster. (Compl. ¶ 2) On April 13, 2010, Farooqi served a Rule 68 Offer of Judgment in the amount of $7,001.00, conditioned upon Plaintiff's agreement to enter into a release of all claims against all defendants and related entities prior to entry of judgment.[1] (Doc. 8-1) This offer was on behalf of Farooqi, alone, and did not reference the other defendants. The same day, Plaintiff "accept[ed] 'Defendants [sic] Farqooqi Food Management, Inc. dba Denny's Rule 68 Offer of Judgment'" and "request[ed] that judgment be entered in accordance with that offer." (Doc. 8) Plaintiff then issued notice that the case has been settled, and on April 14, 2010, the Clerk entered judgment against Defendant Farooqi for $7,001.00. (Doc. 9, Doc. 10) Even though Plaintiff failed to provide a release of claims against all defendants and related entities–a condition precedent to entry of judgment under Farooqi's Rule 68 offer, Farooqi made no effort to vacate the judgment.

Indeed, Farooqi took no action for nearly two months, and on June 7, 2010 moved jointly with Plaintiff pursuant to Fed. R. Civ. P. 41 to dismiss with prejudice the action in its entirety against all Defendants. (Doc. 14) The Court granted this motion on June 10, 2010, but did not retain jurisdiction to enforce the settlement. (Doc. 15) On that day, Plaintiff requested and was granted a writ of execution to execute the judgment against Farooqi.

---

[1] The conditions to Farooqi's Rule 68 offer in full reads:
"Said offer of judgment [for $7,001.00 is conditioned on the unequivocal acceptance of the following terms:
 (a) acceptance by Plaintiff of this judgment as the total amount to be received; and
 (b) agreement by Plaintiff to release all defendants in the case and all of Defendant's principals, employees, officers, directors, shareholders, assigns, agents, attorneys, representatives, successors, beneficiaries, and all those acting in concert with Defendant with respect to the claims asserted in Plaintiff's Complaint, *prior to the date of entry of said judgment*." (emphasis added).

(Doc. 16, Doc. 17)

Farooqi waited nearly a week after the writ of execution was issued to complain to Plaintiff that "a writ of execution was an improper means to collect payment in this matter" and that payment was conditioned on a full release. (Mot. to Reopen at 3) Plaintiff contends that his "acceptance" of Defendant's Rule 68 Offer was sufficient and that he was under no obligation to take any further action to release defendants and related entities. (Opp. at 2) Accordingly, on July 8, Plaintiff had the Sheriff execute the writ under the judgment, leading to payment of $7,419.47 ($7,001.00 to satisfy the judgment, at least $149.76 in interest, and the remainder to the Sheriff's Department to satisfy fees associated in carrying out the levy). (Doc. 17; Omansky Decl. ¶ 8)  Defendant's motions to reopen the case and for sanctions soon followed.

## II.  DISCUSSION

### 1.  The Court Retains Jurisdiction To Vacate The Judgment Against Farooqi And The Writ of Execution

Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994), a district court must "embody the settlement contract in its dismissal order" if it is to retain jurisdiction to enforce the settlement contract.  The Court did not seek to retain jurisdiction over the settlement contract when it granted the parties' Fed. R. Civ. P. 41 motion to dismiss, and thus, its jurisdiction to enforce the terms of the settlement is constrained.

However, the Court addresses only whether the judgment and writ of execution against Farooqi were properly entered.  This judgment predated and was left unaffected by the Rule 41 dismissal.  *See* 8-41 Moore's Federal Practice - Civil § 41.34; *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) (later-filed stipulation of dismissal with prejudice has no effect since judge had already ordered the case dismissed without prejudice).  And since the judgment was entered less than a year ago and an appeal of the judgment has not been taken, an order to vacate the judgment and the writ of execution will not be untimely under either Fed. R. Civ. P. 60(a) or (c)(1).

## 2. Judgment Against Farooqi And The Writ Of Execution Were Improvidently Granted

Defendant's Rule 68 offer was conditioned upon Plaintiff's agreement to enter into a release of all claims against all defendants and related entities prior to entry of judgment. Thus, providing the release was a condition precedent to entry of the judgment. Merely accepting the offer did not constitute performance of the promise to release. *See Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) ("In determining whether an offer is proper under Rule 68, courts will apply traditional principles of contract construction. Conditional offers have long been recognized as valid under such principles.") (internal citations omitted).

Plaintiff's argument to the contrary is not persuasive. Plaintiff cites to definitions of "release" for the proposition that he need not file "a separate written instrument to release a defendant from a claim." While this may be true in the abstract, Plaintiff ignores an unambiguous condition of the offer which requires "agreement by Plaintiff to release all defendants [and related entities]*. . . prior to the date of entry of said judgment*." If Plaintiff was able to accept this offer without a separate release agreement, this portion of the offer would have no meaning.

Thus, Farooqi's offer required Plaintiff to execute a release of all defendants and related entities *prior to the entry of judgment*. The clerk's entry of judgment against Farooqi without this condition being satisfied was a mistake.

The Court vacates this judgment and the writ of execution pursuant to either Fed. R. Civ. P. 60(a) or (b)(1).[2] With judgment against Farooqi vacated, the case against him is reopened.[3] However, the Rule 41 dismissal with prejudice of all claims against Nelson B. Correll, Jr., and Frances Ann Kaster remains undisturbed.

//

---

[2] The Court interprets Farooqi's Rule 60(b) motion broadly as one to reopen his case. However, even if Farooqi's motion is interpreted narrowly, the Court has the power to act *sua sponte* under Rule 60(b) to repair mistakes. *Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999).

[3] As noted above, the Rule 41 dismissal had no impact on Farooqi because of the prior entry of judgment against him, alone.

### 3. An Evidentiary Hearing Will Serve No Purpose

Plaintiff requests an evidentiary hearing "to resolve ambiguities in a Rule 68 settlement offer." (Opp. at 5)  Plaintiff cites to *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) for the proposition that "where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."

As a threshold matter, the rule articulated in *Callie* arose in the context of enforcement of a settlement agreement.  Here, the Court does not pass judgment on whether a settlement should be enforced, but rather on whether a judgment was properly entered. *See Calcor Space Facility, Inc. v. McDonnell Douglas Corp.*, 5 Fed. Appx. 787, 789 (9th Cir. 2001) (distinguishing *Callie* on its facts).

Assuming, *arguendo*, that *Callie* is applicable to this case, here, the terms of the Rule 68 offer are clear and there is no need to hold an evidentiary hearing. *See Medinol Ltd. v. Guidant Corp.*, 500 F. Supp. 2d 345, 353 (S.D.N.Y. 2007).  As set forth above, Farooqi's Rule 68 offer unambiguously required Plaintiff to release defendants and related entities as a condition precedent to a judgment.  Plaintiff admits that it did not fulfill this condition by executing a separate release.  (Opp. at 3; *see also* exh. C)  Therefore, an evidentiary hearing can serve no purpose and Plaintiff's request is **DENIED**.

### 4. Sanctions Will Be Used Only To Return The Parties To The Status Quo *Ante*

Farooqi moves for sanctions against Plaintiff's counsel because of the "unreasonable extension of this lawsuit" due to Plaintiff counsel's refusal to execute the release. (Mot. for Sanctions at 3)  Farooqi seeks $6,110 in attorney's fees for legal work performed after the writ of execution had been issued and $418.47 in fees that the San Diego Sheriff's Department imposed in carrying out the levy.

Farooqi is not entitled to the $6,110.  Farooqi could have stopped the bleeding of attorney's fees at any time simply by moving to vacate the judgment entered against it.  Instead, Defendant let the judgment stand for nearly two months without seeking any relief.  Defendant compounded this error by moving jointly under Rule 41 to dismiss the action in

its entirety.  Farooqi's motion for sanctions in the form of attorney's fees is **DENIED**.

The Court, however, will exercise its traditional power of equity to restore the status quo had the parties immediately sought to vacate the judgment against Farooqi.  *See Murray v. Vaughn*, 300 F. Supp. 688, 702 (D.R.I. 1969); *United States v. Gonzalez*, No. 05-1864, 2009 U.S. Dist. LEXIS 59937, at *9 (D.P.R. July 13, 2009).  Since the judgment was obtained by the Plaintiff in error, it is void *ab initio*.  As funds taken from Defendant were based on an invalid judgment, Plaintiff shall divest them.  Therefore, Plaintiff and his counsel are ordered to deposit $7,419.47 in the registry of the Court pending further proceedings against Farooqi.  The deposit shall be made in full by October 8, 2010.  Failure to comply shall be treated as a contempt of court.

**IT IS SO ORDERED.**

DATED:  October 1, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge